22-6201
Cochancela-Ortega v. Garland

BIA
Laforest, IJ
A208 900 876

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-four.

PRESENT:
   **DEBRA ANN LIVINGSTON,**
    *Chief Judge,*
   **PIERRE N. LEVAL,**
   **MYRNA PÉREZ,**
    *Circuit Judges.*

_____

**FELIPE RAMIRO COCHANCELA-ORTEGA,**

  *Petitioner,*

  v.         **22-6201**

             **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**

  *Respondent.*

_____

**FOR PETITIONER:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Felipe Ramiro Cochancela-Ortega, a native and citizen of Ecuador, seeks review of a March 25, 2022, decision of the BIA affirming a May 7, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cochancela-Ortega*, No. A208 900 876 (B.I.A. Mar. 25, 2022), *aff'g* No. A208 900 876 (Immig. Ct. N.Y. City May 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Cochancela-Ortega's petition for review. Rather than determine if the petition is frivolous as required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir.

1995), we construe the Government's motion as its brief and deny the petition on the merits.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of fact to law de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an

3

adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

As the agency found, Cochancela-Ortega's statements contain multiple inconsistencies, many of which directly relate to the incidents that formed the basis of his claim of persecution. In his original written statement, he said that he was with a neighbor when a police officer hit him with a gun, but during his hearing, he initially stated that he was alone. When confronted with the prior statement, he changed his testimony to say that his neighbor was there, and that he may have forgotten because of the time that had elapsed and because he was depressed. The agency was not required to accept these explanations, particularly as he remembered this information when preparing his original statement. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, in his amended written statement, Cochancela-Ortega alleged that members of a gang followed him on the day of the second alleged incident, and,

4

later that evening, the police broke his window and shot his dog, before coming into his house and assaulting him and his wife. But he testified that the gang—not the police—broke his window and shot his dog. When asked about his prior statement, he said that he did not know why he previously stated that the police were responsible.

Third, Cochancela-Ortega testified that he had lived in the United States from about June 2005 to December 2008. Although the asylum application form directs applicants to list every entry to the United States, Cochancela-Ortega did not reveal his earlier entry on either of his applications. When asked about those omissions, he said that he told his attorney about the prior entry and that he could not explain why it was not mentioned. But he does not argue here (and did not argue in his brief to the BIA) that the omission was attributable to attorney error, and we therefore decline to consider such explanation. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming claim abandoned where petitioner's brief did not address it); *Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) ("usually . . . issues not raised to the BIA will not be examined by the reviewing court"), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).

Finally, during his credible fear interview, Cochancela-Ortega testified that he participated in a demonstration in 2014, after which he was arrested and threatened. He did not mention this incident in either application, and when asked about it at his hearing, he testified that it happened before he came to the United States the first time, in 2005. Then, when reminded of his prior statement, he said that he could not remember when it happened.

Contrary to Cochancela-Ortega's arguments here, many of the above inconsistencies are significant contradictions regarding the events that form the basis for his claim of persecution. To the extent that some might be considered ancillary, the agency may rely on even minor inconsistencies, so long as the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Further, as the Government observes, only one of the above inconsistencies—the contradictory dates of the political demonstration—arose out of the credible fear interview. Cochancela-Ortega argues that the agency should not have relied on the credible fear interview because it was not designed to fully elicit the details of his claim. While that might be a reason not to place significant weight on *omissions* from the credible fear interview record, it is not a reason to overlook a

6

direct contradiction that significantly changes the timeline of Cochancela-Ortega's account. *See Ming Zhang v. Holder*, 585 F.3d 719, 725–26 (2d Cir. 2009).

Cochancela-Ortega also argues that the agency should have excused the inconsistencies in his statements because of the traumatic nature of the events recalled, the time elapsed, and the stress of testifying. Those considerations have no bearing on his failure to disclose, in two written documents prepared with his attorney, a prior period living in the United States for more than two years. Nor do they resolve the more than 10-year difference in his statements about when he was arrested at a political demonstration. *See Majidi*, 430 F.3d at 80. Cochancela-Ortega's final argument is that the IJ failed to cite sufficient authority for the standards it applied in reaching the credibility determination. But he does not identify any legal error in the IJ's decision, and we find none.

In sum, the multiple inconsistencies related to the alleged persecution constitute substantial evidence for the agency's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006)

7

("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [a] claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (quotation marks omitted)); *Xiu Xia Lin*, 534 F.3d at 167. Because the claims all relied on the same facts, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8